IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | |
|---|---|
| TYLER SOUTHAM, §<br>    *Plaintiff,* §<br>§<br>v. §<br>§<br>ALBERT ANTHONY RAMIREZ AND §<br>VV GROUP LLC, §<br>    *Defendants.* §<br>§ | CASE NO. 2:23-cv-57<br>*(Jury requested)* |

### DEFENDANT VV GROUP LLC'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(a)

PLEASE TAKE NOTICE that Defendant VV GROUP LLC, ("VV GROUP"), hereby files this Notice of Removal of Action Under 28 U.S.C. § 1441(a) to remove to this Court the state court action described below:

### BACKGROUND

1. Plaintiff, Tyler Southam is a citizen of Texas residing in Val Verde County, Texas.[1]

2. Defendant, Albert Anthony Ramirez is a citizen of Pennsylvania.[2]

3. Defendant, VV GROUP LLC is a foreign limited liability company with its registered agent and principal place of business in Pennsylvania.[3]

6. On or about August 16, 2023, the state action was filed in the 63rd Judicial District Court, Val Verde County, Texas under Cause 2023-0187-CIV; TYLER SOUTHAM *V.* ALBERT ANTHONY RAMIREZ AND VV GROUP LLC. Defendant VV GROUP was served with Plaintiff's Original Petition on October 2, 2023. Defendant VV GROUP answered on October 23, 2023.[4] Defendant, Albert Anthony Ramirez has not yet been served or answered in this matter.

---

[1] *See* Plaintiff's Original Petition, attached as Exhibit A.
[2] *See Id.*
[3] *See Id.*
[4] *See* Defendant's Original Answer, attached as Exhibit B.

Page **1** of **5**

Defendant VV GROUP files this Notice of Removal within thirty days of Defendant VV GROUP receiving notice of Plaintiff's initial state court proceeding, as required by 28 U.S.C. § 1446 (b).

7.      Plaintiff's Original Petition affirmatively asserts that he "seeks monetary relief over $1,000,000.00".[5] Therefore, this Court has jurisdiction.[6]

8.      Defendant has attached the required state court documents pursuant to 28 U.S.C. § 1446 (a).

9.      As for venue, venue is proper in this District, the Western District of Texas, Del Rio Division, under 28 U.S.C. § 1441 (a) and 28 U.S.C. § 1446 (a) because this District and Division embrace the place where the removed action is pending.

10.     Defendant will promptly file a copy of this Notice of Removal with the Clerk of the state court where the action is pending. Defendant made a demand for trial by jury in the state court action.

## BASIS FOR REMOVAL

11.     The Federal Court's basic diversity jurisdiction extends to "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between... citizens of different States."[7] As set forth, this Court has original jurisdiction over this civil action pursuant 28 U.S.C. § 1332 and the action may therefore be removed to this Court pursuant to 28 U.S.C. § 1441(a) because:

    a.      It is a civil action between a citizen of a State (Texas) and Defendant citizens of a different State (Pennsylvania); and

---

[5] *See* Plaintiffs' Original Petition, paragraph 11, attached as Exhibit A.
[6] *See* 28 U.S.C. § 1332 and § 1441.
[7] 28 U.S.C. § 1332(a)(1); *see e.g., Darden v. Ford Consumer Fin. Co.*, 200 F.3d 753, 755 (11th Cir. 2000).

b.  It is a civil action wherein the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest.[8]

**A.    Diversity of Citizenship**

12.   A civil case filed in state court may be removed by the Defendant to Federal Court if the case could have been brought originally in Federal Court.[9] Diversity jurisdiction requires complete diversity; every Plaintiff must be diverse from every Defendant.[10] Plaintiff's Original Petition identifies Plaintiff as a citizen of the State of Texas.[11] Defendant Albert Anthony Ramirez is a citizen of Pennsylvania.[12] Defendant, VV GROUP LLC maintains its principal place of business in Pennsylvania.[13] Therefore, there is complete diversity of citizenship between Plaintiff and Defendants.

**B.    Amount in Controversy**

13.   Removal is proper when there is complete diversity of citizenship between the true parties to the lawsuit and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000) exclusive of costs and interest.[14]

14.   In *De Aguilar v. Boeing Co.*,[15] the United States Fifth Circuit Court of Appeals held that when a Defendant removes such a case, the Defendant then has the burden to prove that the amount in controversy exceeds the jurisdictional amount.[16] The *De Aguilar* Court went on to hold that to remand to state court, the Plaintiff must establish as a matter of law that, if successful, it would not be able to recover more than the jurisdictional amount.[17]

---

[8] *See* Plaintiffs' Original Petition, attached as Exhibit A.
[9] 28 U.S.C. § 1332(a).
[10] 28 U.S.C. § 1332; *see e.g., Tapscott v. MS Dealer Service Corp.,* 77 F.3d 1353, 1359 (11th Cir.1996) (abrogated on other ground by *Cohen v. Office Depot, Inc.,* 204 F.3d 1069, 1076 (11th Cir. 2000) (overruling *Tapscott* on the issue of calculating the amount in controversy in class action suits).
[11] *See* Plaintiffs' Original Petition, attached as Exhibit A.
[12] *See Id.*
[13] *See Id.*
[14] 28 U.S.C. § 1332(a).
[15] 47 F.3d 1404 (5th Cir.1995).
[16] *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1411 (5th Cir.1995).
[17] *Id.*

15. In determining whether the amount in controversy exceeds $75,000, courts must consider the full litany of damages that a Plaintiff is seeking, including statutory and punitive damages.[18] Specifically, the court must consider penalties, statutory damages, and punitive damages in calculating the amount in controversy.[19]

16. As applied here, Defendant can meet its burden to prove that the amount in controversy in this case exceeds the federal jurisdictional requirement of $75,000 based on the language of Plaintiff's Original Petition.[20] As discussed above, Plaintiff's Original Petition affirmatively asserts that he is seeking damages in excess of $1,000,000.[21] Therefore, the evidence is sufficient for Defendant to meet its burden to prove the amount in controversy removal requirement of $75,000.

## CONCLUSION

17. Based on diversity of citizenship and satisfaction of the amount in controversy requirement, removal to Federal Court is proper.[22] Plaintiff is a citizen of the State of Texas and Defendant is not a citizen of the State of Texas. Diversity of citizenship is clear from the pleadings and evidence.

WHEREFORE PREMISES CONSIDERED, based on the Petition, evidence and the diverse citizenships of the proper parties, this Court therefore has original jurisdiction of this action under 28 U.S.C. § 1332 and removal of the action to this Court is proper under 28 U.S.C. § 1441(a).

---

[18] *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253–55 (5th Cir. 1998).
[19] *Id.*
[20] *See* Plaintiffs' Original Petition, attached as Exhibit A.
[21] *Id.*
[22] 28 U.S.C. § 1332(a); *Darden*, 200 F.3d at 755.

Respectfully submitted,

By: */s/Larry J. Goldman*
LARRY J. GOLDMAN
"Attorney in Charge"
Federal ID No. 341
State Bar No. 08093450
Christopher Madrid
Federal ID No. 24096375
State Bar No. 24096375
GOLDMAN & PETERSON, PLLC
10100 Reunion Place, Suite 800
San Antonio, Texas 78216
Telephone:   (210) 340-9800
Facsimile:   (210) 340-9888

ATTORNEYS FOR DEFENDANT
VV GROUP LLC

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing has been forwarded to the following counsel of record in compliance with the Federal Rules of Civil Procedure on this 27th day of October 2023.

**Via E-Service**
Mr. William H. Stout
Mr. Jaime I. Perez
SUTLIFF & STOUT, PLLC
550 Post Oak Blvd, Suite 530
Houston, Texas 77027

*/s/Larry J. Goldman*
LARRY J. GOLDMAN

Page **5** of **5**